NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:10-CV-00010-HRW

RICHARD D. GIST                                                                               PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

LITTLE SANDY
    CORRECTIONAL COMPLEX et al.                            DEFENDANT

\*\* \*\* \*\* \*\* \*\*

Richard D. Gist, an State prisoner currently incarcerated in the Kentucky State Reformatory, has initiated a *pro se* civil rights proceeding, brought pursuant to 42 U.S.C. § 1983, complaining of events occurring when he was confined at another State facility, the Big Sandy Correctional Complex ("BSCC"). His accompanying Motion to Proceed *in forma pauperis* has already been granted and a Motion for Appointment of Counsel is currently pending.

The Complaint and two construed amendments [Record Nos. 2, 10-11] are now before the Court for initial screening.[1] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this cause of action.

## ALLEGATIONS AND CLAIMS

Plaintiff describes an incident of "sexual harassment," purportedly occurring when he arrived for a work detail at a State or County garage outside Sandy Hook, Kentucky, on November 10, 2009.

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

He alleges that the garage supervisor, a Mr. Howard, called him "sexy" and told him that his lips were pretty several times. This purportedly took place in front of four other prisoners, the corrections officer whose name is unknown but who was in charge of transporting the prisoners to work, and other garage employees.

The transporting officer allegedly laughed when this occurred. Additionally, still in front of others, "[m]inutes later Mr. Howard called my name for my attention. When I turned in his direction Mr. Howard then with hand gestures started pointing at his penis area indicating he wanted sexual favors of oral sex from me."

Plaintiff alleges that he retreated to the kitchen of the garage to escape the harassment, but Defendant Howard pursued him. When the Plaintiff tried to go back outside, Howard purportedly grabbed his right forearm, positioned himself in front of the other inmates, and

> grabbed me by the head motioning me towards his penis area, I then pulled away and said man you are messed up. Moments later the transporting officer there took us inmates to the work site. When returning to Little Sandy Correctional Complex I immediately reported it to the working staff and filed a complaint/and grievance. I also talk [sic] to Dr. Pat Brown about it.

Record No. 10, at 3. However, the last time that Plaintiff saw his November 10, 2009, grievance, it was in the hands of Defendant David Green. There is no record of what happened to the grievance. It disappeared.

On December 4, 2009, the Plaintiff was transferred to the Blackburn Correctional Complex. Attached exhibits show that when he tried to find out what happened to the November 10th grievance, he was told that he could not pursue it because he was no longer at the BSCC. He, therefore, filed new grievances on December 28, 2009, specifically against Mr. Howard, David Green, the John Doe transporting officer, and Alex Ford. As to Ford, Plaintiff alleges that he told

Ford that he did not want to work outside the prison, but Ford forced him into going to that outside work. Also, Ford is alleged to have done so without providing him with a safety class which inmates with outside jobs are required to take or otherwise preparing him for dealing with "outside" conduct such as Howard's.

Plaintiff writes, "I am hurting so much because of what happened to me." According to one of his exhibits, on December 18, 2009, he was removed from general population for the purpose of "a psychological evaluation and stabilization due to being paranoid and agrivated [sic] . . . [and] placed on a 15 min. watch per Dr. James Anderson." At that time, Gist purportedly stated "that he feels this is wrong. Inmate feels his being here is retaliation from BCC & LSCC complexes for him filing a sexual assault charge." *Id.*, attachment dated December 18, 2009.

In Gist's "Reason for Relief" [Record No. 11], he writes that he seeks justice and 5.6 million dollars for the violation of his rights under Kentucky law and under the Eighth Amendment to the United States Constitution, as he continues to have "night mares, lose [sic] of sleep, fear for my life and a pain of the thought of being attacked by staff any second."

**DISCUSSION**

To establish a right to relief under 42 U.S. C. § 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff has alleged that State employees with authority over him violated his

3

Eighth Amendment rights. The "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation and internal quotation marks omitted). An official violates the Eighth Amendment when two requirements are met. *See, e.g.*, Branham v. Meachum, 77 F.3d 626, 630 (2d Cir.1996).

First, the alleged "punishment" must be, "objectively, sufficiently serious" to state such a claim. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Under the objective standard, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Second, the prison official involved must have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

Because sexual abuse by a corrections officer may constitute serious harm, physically and psychologically, when inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims. *See, e.g., Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia*, 877 F.Supp. 634, 664-67 (D.D.C.1994); *Jordan v. Gardner*, 986 F.2d 1521, 1524-31 (9th Cir.1993) (en banc).

Therefore, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. *Cf. Rhodes*, 452 U.S. at 347 (noting that the list of conditions held cruel and unusual by the Supreme Court is not exclusive). Moreover, sexual abuse of a prisoner by a corrections officer, like the rape of an inmate by another inmate, has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834.

As to the subjective component of an Eighth Amendment test, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). It is therefore apparent, even without considering exactly what *mens rea* is necessary to show a "wanton" state of mind for a claim of sexual abuse, that a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights.

Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983. However, the Court finds that in the instant case, the Plaintiff has failed to state an Eighth Amendment claim. Gist complains of a single incident in which he was allegedly verbally harassed and touched without his consent. The touch was to his forearm and head. It was not to any sexual part of his body.

This Court finds that the touching described in this case cannot be said to be "objectively, sufficiently serious" to satisfy the objective component of an Eighth Amendment claim Therefore, the Plaintiff has failed to state a claim upon which the Court may grant relief, and his Complaint, even considering all liberally construed amendments, must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The facts and result in this case are similar those in *Boddie v. Schnieder*, 105 F.3d 857 (2nd Cir. 1997), in which there were a series of incidents, including the touching of the prisoner's penis. Still, the district court found that the incidents were not singularly or even cumulatively egregious in the harm they inflicted. "The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not

involve a harm of federal constitutional proportions as defined by the Supreme Court." *Id*. at 861-62 (citing *Farmer,* 511 U.S. at 833-34 and *Rhodes*, 452 U.S. at 348-349 & 348 n. 13). The District Court's dismissal for Boddie's failure to state a claim was affirmed by the appellate court.

Other Courts, including the district courts and the appellate court in this circuit, have also held that minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir.2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward,* No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro,* 137 F.3d 1073, 1075 (8th Cir.1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault). More recently, see *Payette v. Briggs*, No. 2:09-CV-279, 2010 WL 775783, *3 (W.D.Mich. March 1, 2010).

Further, Plaintiff Gist's claim is for emotional injuries, and recovery for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*. *See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir.2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir.2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir.2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001). As the Plaintiff alleges no physical injury in this case, his claim for emotional damages is barred.

The conclusion that dismissal of this case is warranted also means that the Plaintiff's Motion for appointment of counsel will be denied. He is advised that the appointment of counsel in a civil case is not a constitutional right, but a privilege justified only by exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996); *see also Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There are no exceptional circumstances here. Also, it would be incongruous to appoint counsel for a case which the Court has screened and found no federal claim stated. Even with the appointment of the very best counsel, he or she could not manufacture facts or cite contrary legal citations to salvage a federal claim in this case.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Appointment of Counsel [Record No. 7] is **DENIED**.

2. This action will be **DISMISSED,** *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This May 6, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge